## TREADWELL v. BROWN.

44 551
72 125

Where a creditor has exhausted his remedy at law, he may maintain a bill in equity against the debtor for discovery of assets and for relief, although he may not have acquired a legal lien upon such assets; and he may do so without a previous demand upon such debtor.

Such a proceeding may be sustained independent of any statute provisions.

Under the prayer for general relief, the plaintiff may have such relief as he is entitled to without regard to any defect in the prayer for special relief.

A demurrer to the whole of the discovery sought will be overruled, if the plaintiff be entitled to any part.

THIS is a bill in equity, and the matters set forth sufficiently appear in the opinion of the court.

*J. W. Towle,* for the plaintiff.

*S. H. Goodall,* for the defendant.

BELLOWS, J.  This is a bill for the discovery of the debtor's estate, and is specially directed to his interest in the assets of a partnership, of which he is a member.

The material allegations are, that having obtained judgment against James C. Brown, one of the defendants, for $921.53 debt, and $21.53 costs of suit, he obtained execution thereon and delivered it to the sheriff for service, who, after diligent search and finding no property, returned the execution wholly unsatisfied; that the debtor's interest in the partnership property is sufficient to pay said judgment, but that he has no other property;

Wherefore the plaintiff prays that the defendants may be ordered to render an account of the partnership business and property, and all debts and demands due and owing from the copartnership, from the third day of October, 1859, to the time of filing the bill, and the interest of each partner in the same; that a receiver may be appointed to take possession of the effects, adjust the same, and pay over to the plaintiff so much of the avails as will satisfy said judgment; and also prays for general relief.

The bill also states the origin of the plaintiff's claim as arising from the sale by him to the defendant James, of the partnership interest which he now holds; and also that in the suit against the said James the said Edmund was summoned as his trustee; and that in June, 1860, the plaintiff brought a bill in equity against the defendants, to obtain a discovery of the interest of the said debtor, but that both in said trustee suit and bill in equity the said Edmund refused to disclose the affairs of the partnership.

To this bill the defendants file a demurrer; and the first cause assigned is that no legal lien upon the interest of the debtor in the partnership effects is set up by the bill.

But the proceeding is put upon the ground that having exhausted his remedy at law, the plaintiff is entitled in this form to discovery and relief; and this view is fully sustained by *Bay State Iron Co.* v. *Goodall,* 39 N. H. 222; *Hendricks* v. *Robinson,* 2 Johns. Ch. 296.

Another cause of demurrer is the prayer that an account may be taken of the affairs of the firm, from October 3, 1859, up to the filing of the bill, upon the ground that the interest of the debtor at the time the suit is commenced can alone be reached. But assuming this to be so, and that the plaintiff is not entitled to the specific relief which he asks, still the demurrer can not be sustained, because, under the general prayer, he may have such relief as he is entitled to without any regard, ordinarily, to any defect in the special relief prayed for. Story Eq. Pl., secs. 40, 41. Especially is it so if not inconsistent with the relief prayed for. *Busby* v. *Littlefield*, 31 N. H. 193; *Stone* v. *Anderson*, 26 N. H. 506. If it were to be deemed that the bill calls for answer as to the state of accounts from October, 1859, to the filing of the bill, as the defendants suppose, still the demurrer could not be sustained on that ground, because the plaintiff would, at least, be entitled to an answer as to the condition of the firm at the time of the filing of the bill; and, therefore, the demurrer being to the whole discovery instead of a part, must be overruled. Story Eq., sec. 443.

Another objection is, that the plaintiff has stated the bringing of the trustee suit and the former bill in equity; but we think that this is no cause for demurrer, even if unnecessarily stated.

The objection that the bill does not state that the property held by the partnership was not within the exceptions in sections 19 and 20 of chapter 181, Compiled Statutes, must be overruled, as this proceeding may be sustained upon general principles of equity, and independent of the statute. *Bay State Iron Co.* v. *Goodall*, before cited.

Nor do we think that the fact that the debtor acquired his interest in the firm through the plaintiff ought to defeat the plaintiff's remedy in this form, which is nothing more than one mode of applying the debtor's property to the payment of his debts. In truth, the equity is greater than in ordinary cases, inasmuch as courts of equity are disposed to recognize and enforce the lien of a vendor for the price of property sold.

It is further objected that the bill does not allege a refusal to account by the debtor himself, but only by the other partner. No authority, however, is cited by the counsel and none is found by us showing that such an allegation is necessary. On the contrary, the general doctrine is that, on the return of the execution unsatisfied, the creditor, having exhausted his remedy at law, may have the aid of a court of equity to discover and apply the equitable assets of his debtor. *Bay State Iron Co.* v. *Goodall*, and cases cited. Nor is it suggested in these cases that there should be a request and refusal to expose and to apply such assets before bringing a suit in equity. In the case of the attachment or seizure of the property, in specie, in the hands of the debtor himself, no notice, of course, is necessary; neither is it necessary, where the property is attached in the hands of a third person by the equitable process of foreign attachment; and we see no reason for a different rule in the proceeding by bill in equity, which is but another mode of reaching the debtor's property.

*The demurrer must, therefore, be overruled.*